# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-cr-30046 |
| ) | |
| STEVEN WAYNE MAISENBACHER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Steven Wayne Maisenbacher's *pro se* Motion for Early Termination of Supervised Release. (Doc. 74). On March 16, 2001, Maisenbacher pled guilty to bank robbery, brandishing a firearm during the bank robbery and possession of a firearm by a convicted felon. On September 24, 2001, he was sentenced to a term of 324 months' imprisonment and 5 years supervised release. Maisenbacher began his term of supervised release on November 21, 2023, and filed his motion for early termination of supervised release on November 21, 2024. On December 3, 2024, the Government filed its response, objecting to the early termination of supervised release.

**I.    DISCUSSION**

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," it finds that early termination is "warranted by the conduct of the defendant released and

in the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553. The district court possesses wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

Maisenbacher meets two of the three factors which allow a Court to exercise its discretion to terminate supervised release early because he has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1); Fed. R. Crim. Pro. 32.1(c)(2)(c).

The Court has considered the pertinent § 3553(a) factors and conduct of the Defendant. 18 U.S.C. § 3583(e)(1). During the course of the bank robbery, Maisenbacher threatened the teller with a loaded firearm and stole a vehicle. He also admitted to smoking crack cocaine both before and after the robbery. He was classified as a career offender based on his criminal history, which includes previous convictions for armed robbery. His conduct resulted in a guideline sentencing range of 210 to 226 months'

imprisonment, followed by a term of 84 months' imprisonment for Count 2. At sentencing, the court determined that an above-guideline sentence was appropriate. During his term of imprisonment, Maisenbacher only had three disciplinary reports, completed his GED, took additional educational courses, and worked for UNICOR for over 16 years. Although Maisenbacher's behavior while in prison is relevant, the goal of supervised release is distinct from the goals of incarceration. Supervised release provides for rehabilitative measures to ease an individual's transition back into society. *United States v. Maranda*, 761 F.3d 689, 697 (7th Cir. 2014).

Maisenbacher is now 64 years old and has significant medical issues. He has only served one year of his five-year term of supervised release. He has struggled with substance abuse throughout his life and, on October 22, 2024, Maisenbacher tested positive for cocaine. He denied using cocaine but admitted to smoking marijuana that may have been laced with cocaine. Recent infractions can be an indication that the defendant may struggle to reintegrate into the community. *See United States v. Taylor*, 729 Fed. App'x 474, 475 (7th Cir. 2018) (noting that recent behavioral infractions may provide the basis for denying a motion for early termination of supervised release). Since his release, he has enrolled in courses at Lincoln Land Community College and received an Academic Achievement Award and David Baker Ring of Fire scholarship. He has also opened a recording studio and started his own band.

After assessing the relevant factors, the Court finds early termination at this stage of his supervised release term would not protect the public, deter future law violations, or provide for Maisenbacher's rehabilitative needs. Therefore, the early termination of

Maisenbacher's supervised release is not in the interest of justice, in accordance with the requirements of 18 U.S.C. § 3583(e)(1). Accordingly, Maisenbacher's *pro se* Motion for Early Termination of Supervised Release. (Doc. 74) is DENIED.

ENTER: January 14, 2025

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE