IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-cr-30046 |
| ) | |
| STEVEN WAYNE MAISENBACHER, ) | |
|     Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Steven Wayne Maisenbacher's *pro se* Motion for Early Termination of Supervised Release. (Doc. 79). On March 16, 2001, Maisenbacher pled guilty to bank robbery, brandishing a firearm during the bank robbery and possession of a firearm by a convicted felon. On September 24, 2001, he was sentenced to a term of 324 months' imprisonment and 5 years supervised release. Maisenbacher began his term of supervised release on November 21, 2023. On January 14, 2025, this Court denied Maisenbacher's first Motion for Early Termination of Supervised Release. (Doc. 78). On June 20, 2025, Maisenbacher filed his second Motion for Early Termination of Supervised Release. (Doc. 79). On July 3, 2025, the Government filed its Response, objecting to the early termination of his supervised release. (Doc. 81).

**I.    DISCUSSION**

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),"

it finds that early termination is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553. The district court possesses wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

Maisenbacher meets two of the three factors which allow a Court to exercise its discretion to terminate supervised release early because he has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1); Fed. R. Crim. Pro. 32.1(c)(2)(c).

The Court has considered the pertinent § 3553(a) factors and conduct of the Defendant. 18 U.S.C. § 3583(e)(1). During the course of the bank robbery, Maisenbacher threatened the teller with a loaded firearm and stole a vehicle. He also admitted to smoking crack cocaine both before and after the robbery. He was classified as a career offender based on his criminal history, which includes previous convictions for armed

robbery. His conduct resulted in a guideline sentencing range of 210 to 226 months' imprisonment, followed by a term of 84 months' imprisonment for Count 2. At sentencing, the court determined that an above-guideline sentence was appropriate. During his term of imprisonment, Maisenbacher only had three disciplinary reports, completed his GED, took additional educational courses, and worked for UNICOR for over 16 years. Although Maisenbacher's behavior while in prison is relevant, the goal of supervised release is distinct from the goals of incarceration. Supervised release provides for rehabilitative measures to ease an individual's transition back into society. *United States v. Maranda*, 761 F.3d 689, 697 (7th Cir. 2014).

Maisenbacher is now 65 years old with significant medical issues, including one requiring surgery in the near future. He has only served 18 months of his five-year term of supervised release. He is married to his wife, who provides social support to him. He also has stable housing and employment at the RV campground. These factors weigh in favor of early termination of supervised release. *See United States v. Crisp*, 770 F. Supp. 3d 1124, 1136 (C.D. Ill. Mar. 14, 2025) (identifying stable employment, stable residences, and social support networks as factors in support of early termination of supervised release).

Maisenbacher has struggled with substance abuse throughout his life and, on October 22, 2024, he tested positive for cocaine. Recent infractions can be an indication that the defendant may struggle to reintegrate into the community. *See United States v. Taylor*, 729 Fed. App'x 474, 475 (7th Cir. 2018) (noting that recent behavioral infractions may provide the basis for denying a motion for early termination of supervised release). Although Maisenbacher describes the positive test as "a small hiccup," he has taken

responsibility for his actions. That said, the Court notes that Maisenbacher has had 19 negative drug tests while on supervision.

While the Court commends Maisenbacher for his improvements and overall behavior on supervised release, after assessing the relevant factors, the Court finds early termination at this stage of his supervised release term would not protect the public, deter future law violations, or provide for Maisenbacher's rehabilitative needs. But given Maisenbacher's good behavior, stable employment, strong social support, and stable housing, a reduction in the term of supervised release is appropriate in accordance with the requirements of 18 U.S.C. § 3583(e)(1).

Accordingly, Maisenbacher's *pro se* Motion for Early Termination of Supervised Release (Doc. 79) is DENIED. However, Maisenbacher's supervision term shall be reduced from 60 months to 36 months.

ENTER: July 29, 2025

                                                                                 /s/ Colleen R. Lawless
                                                                    COLLEEN R. LAWLESS
                                             UNITED STATES DISTRICT JUDGE