IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-cr-30046 |
| ) | |
| STEVEN WAYNE MAISENBACHER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Government's Motion for Reconsideration (Doc. 83) of this Court's Order on Defendant Steven Wayne Maisenbacher's *pro se* Motion for Early Termination of Supervised Release (Doc. 82) (the "Order"). On March 16, 2001, Mr. Maisenbacher pleaded guilty to bank robbery, brandishing a firearm during the bank robbery, and possession of a firearm by a convicted felon. On September 24, 2001, he was sentenced to a term of 324 months' imprisonment and 5 years of supervised release. Mr. Maisenbacher began supervised release on November 21, 2023, following his term of imprisonment.

On June 20, 2025, Mr. Maisenbacher petitioned this Court for early termination of supervised release. (Doc. 79). After assessing the relevant factors cited in 18 U.S.C. § 3583(e)(1), the Court determined that early termination was inappropriate as it would not "protect the public, deter future law violations, or provide for Maisenbacher's

rehabilitative needs." (*Id.* at 4). The Court also found Mr. Maisenbacher's stable employment, housing, and social support network, as well as other factors detailed in the Order, warranted a reduction in his term of supervised release. (*Id.*). The Court reduced Mr. Maisenbacher's term from 60 months to 36 months pursuant to Section 3583(e)(1). (*Id.*).

The Government agrees with this Court's decision not to terminate Mr. Maisenbacher's supervised release but argues "§ 3583(e)(1) does not allow for a reduction of the defendant's term of supervision and requests that the Court reconsider its ruling." (Doc. 83). For the following reasons, the Government's request is denied.

## I. DISCUSSION

### A. Legal Standard

At sentencing, a judge may consider whether to impose upon the defendant a postimprisonment term of supervised release. *Esteras v. United States*, 145 S. Ct. 2013, 2038–39 (2025); 18 U.S.C. § 3583(c). "Supervised release is a form of postconfinement monitoring that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison, subject to conditions on his behavior." *Esteras*, 145 S. Ct. at 2039. Its imposition constitutes a final judgment, and while district courts typically cannot reconsider or modify a defendant's sentence, they may do so pursuant to statutory authorization. *See, e.g., United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). With respect to supervised release, 18 U.S.C. § 3583(e) provides the authorization: District courts, after considering enumerated factors, may "extend a term of supervised release,"

"revoke a term of supervised release," "modify, reduce, or enlarge the conditions of supervised release," or even "terminate a term of supervised release . . . in the interest of justice." 18 U.S.C. §§ 3583(e)(1)–(3).

### B. Reduction of Defendant's Term of Supervised Release

The Government contends that the Court's decision to reduce the length of Mr. Maisenbacher's term of supervision was without statutory authority because Section 3583(e)'s text does not expressly state that a court may reduce, but not terminate, the length of the term. See 18 U.S.C. § 3583(e).

The Seventh Circuit, however, albeit in dicta, has indicated that reduction is permissible. See United States v. Quinn, 698 F.3d 651, 652 (7th Cir. 2012) ("[D]istrict judges can reduce the length of supervised release . . . at any time, 18 U.S.C. § 3583(e) – an opportunity that may lead a judge to think that uncertainties at the time of sentencing should be resolved in favor of a long (but reducible) period . . . ."). And many other circuit courts appear to agree.[1] See United States v. Nestor, 461 F. App'x 177, 179 (3d Cir. 2012) ("Section 3583(e)(1) contemplates the reduction of a term of supervised release . . . ."); United States v. Herman, 971 F.3d 784, 786 (8th Cir. 2020) (citing Miller v. McClain, 249 U.S. 308, 312 (1919); United States v. O'Neil, 11 F.3d 292, 296 (1st Cir. 1993)) ("The power to terminate [Defendant]'s five-year term of supervised release altogether after one year of release carries with it the lesser power to reduce his term to a total of four years."); United

---

[1] The Court notes that some courts seemingly have used "terms" and "conditions" interchangeably. See, e.g., United States v. Kappes, 782 F.3d 828, 846 (7th Cir. 2015) ("[A] sentencing judge may reduce or modify terms of supervised release at any time, see 18 U.S.C. § 3583(e)(2) . . . .").

States v. Yepez, 108 F.4th 1093, 1102 (9th Cir. 2024) ("Under § 3583(e)(1), a court may grant a reduction in the length of supervised release . . . ."); *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2011) ("[Defendant] can ask for a shorter term of supervised release. But to do so he must file a § 3583(e)(1) petition."); *United States v. Trailer*, 827 F.3d 933, 938 (11th Cir. 2016) ("[A] defendant is not without recourse if a district court denies a motion to terminate early (or shorten) supervised release . . . .").

The Eighth Circuit, for example, reasoned that because "[t]he statutory grant of a greater power typically includes the grant of a lesser power," "[t]he power to terminate [the Defendant]'s five-year term of supervised release altogether after one year of release [under § 3583(e)(1)] carries with it the lesser power to reduce his term to a total of four years." *Herman*, 971 F.3d at 786. The court relied on a case from the First Circuit, *United States v. O'Neil*, 11 F.3d 292 (1st Cir. 1993), to reinforce this proposition. *Herman*, 971 F.3d at 786. In that case, the First Circuit engaged in a statutory analysis of Congress's use of "revoke" in Section 3583(e) contrasted with its use of "terminate." 11 F.3d at 296. The Court relied on two principles of statutory interpretation: (1) the greater authorization includes the lesser unless expressly reserved and (2) "statutes should not be read to produce illogical results." *Id.* The Court reasoned that if the statute's revocation provision "gives a district court the power to sentence an offender to a full term of imprisonment upon revocation, it must necessarily confer upon the court the power under that subsection to impose a less drastic sanction," such as a new term of supervised release following reimprisonment. *Id.* at 297. And "[i]t is hard to conceive any logical reason why

Congress might authorize sentencing an offender to a non-mandatory term of imprisonment, variable in the judge's discretion, upon revocation of a term of supervised release, but would, at the same time, withhold authority to impose a sentence of equivalent duration upon more lenient conditions."[2] *Id.* The First Circuit, accordingly, held that the district court had authority to impose both a term of imprisonment and supervised release following a revocation of the original supervised release term. *Id.* at 301.

The Court finds the above reasoning persuasive. Section 3583(e)(1) authorizes a district court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1) grants the greater power to terminate supervision, and it necessarily follows that it must also grant the lesser power—the less drastic power—to reduce the length of supervision without terminating it. And it is difficult to conceive of any logical reason why Congress would allow a district court to terminate supervised release early if warranted by the defendant's conduct and the interest of justice, but not similarly allow the same court to find that justice warrants reduction rather than early termination. *Cf. O'Neil,* 11 F.3d at 296–97.

---

[2] The Supreme Court later, relying upon *O'Neil,* held that Section 3583(e)(3) does indeed authorize district courts "to order terms of supervised release following reimprisonment" after a revocation of supervised release despite the possibility being absent from the text of Subsection (e)(3) and "the conventional understanding of 'revoke' being simply to annul by recalling or taking back." *Johnson v. United States,* 529 U.S. 694, 704, 713 (2000).

Additionally, while Subsection (e)(1) provides a basis for this Court to reduce Mr. Maisenbacher's term of supervised release, other courts have indicated Subsection (e)(2) could similarly provide a basis. *See, e.g., United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (§ 3583(e)(2) can be used to "reduce the length of the term of release"); *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("There is a possibility that [Defendant] could receive a reduction in his term of supervised release under 18 U.S.C. § 3583(e)(2).").

This is consistent with the primary goal of supervised release which is "to ease the defendant's transition into the community after the service of a long prison term for a particular serious offense, or to provide rehabilitation to a defendant who . . . still needs supervision and training programs after release." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (quoting S. Rep. No. 98-225, p. 124 (1983)). It is reasonable to conclude that Congress intended to allow district courts to reduce a term of supervised release in accordance with that goal when a defendant still requires ease into the community, but the original duration of his term no longer serves the interest of justice. 18 U.S.C. § 3583(e)(1). Mr. Maisenbacher's good behavior, stable employment, housing, and strong social support, but need for continued reintegration and rehabilitation after 324 months of incarceration (*see* Doc. 82 at 4), warranted a reduction in his five-year term of supervised release to three years.

## II.  CONCLUSION

Based on the foregoing reasons, the Government's Motion for Reconsideration (Doc. 83) is DENIED.

Enter: 10/2/2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE